UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLA MILTON, LLC,

                Plaintiff,

– against –

NORTH AMERICAN ELITE
INSURANCE COMPANY,

                Defendant.

**OPINION & ORDER**

20 Civ. 9458 (ER)

RAMOS, D.J.:

    CLA Milton, LLC ("CLA") brought this action against North American Elite Insurance Company ("NAEIC") on November 11, 2020. Doc. 1. CLA filed an amended complaint on March 25, 2021. Doc. 18. The complaint alleges that NAEIC failed to pay CLA's insurance claims related to water damage at their facility in Milton, Georgia, resulting in breach of contract and breach of the duty of good faith and fair dealing. *Id.* NAEIC now moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). Doc. 19.

    For the reasons set forth below, the motion to dismiss is GRANTED.

**I.    BACKGROUND**

    The following facts are based on the allegations in the Amended Complaint, which the Court accepts as true for purposes of the instant motion. *See, e.g.*, *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012). CLA is an Arizona limited liability company with its principal place of business in Scottsdale, Arizona. Doc. 18 ¶ 1. CLA operates numerous child and teen daycare facilities, including a facility in Milton, Georgia which is the subject of this lawsuit. *Id.* ¶ 7. NAEIC is a New Hampshire corporation with its principal place of business in Kansas City, Missouri. *Id.* ¶ 2. NAEIC is an insurance company that insured CLA against commercial

property damage and business interruption from December 5, 2017 to February 1, 2019, with extended periods of liability for certain types of losses. *Id.* ¶¶ 8–9; Doc. 18-1.

On approximately January 4, 2018, CLA's Milton, Georgia facility experienced substantial water damage, particularly to the facility's bowling alley and infant room. Doc. 18 ¶ 11. CLA timely notified NAEIC of the commercial property damage. *Id.* ¶ 12. CLA alleges that NAEIC then refused to timely pay for the uncontested damages, despite conceding that the claim was covered under the policy, by delaying the claims adjustment process through May 2020. *Id.* ¶¶ 13–15. CLA allegedly cooperated with NAEIC's requests and investigators, providing all the information and documentation needed to facilitate coverage. *Id.* ¶ 16. On August 13, 2018, CLA sent a letter to NAEIC explaining that they were suffering significant business losses from the delay in resolving the coverage claim and subsequent delay in repairs, resulting in at least $200,000 in business losses over the previous year. *Id.* ¶ 25.

The parties had yet to resolve the claim in January 2019, so they agreed via a January 4, 2019 email from Tracy Hopkins Sheard, Claims Specialist and Assistant Vice President at NAEIC, to a six month time extension of Article VIII, Section L of the policy, which stated that "[n]o suit or action on this [policy] for recovery of any claim shall be sustainable in any court of law unless . . . commenced within twelve (12) months next after the day of the physical loss or damage giving rise to any claim hereunder." *Id.* ¶¶ 19–20. This agreement was also memorialized and referenced in January 9, 2019 emails from Douglass May, Head of Property Claims North America and Senior Vice President for NAEIC. *Id.* ¶ 20.

On February 27 and 28, 2019, CLA's agent emailed NAEIC to resolve the claim, noting that "time [was] of the essence" to ensure that repairs could start. *Id.* ¶ 25. In a subsequent

email on February 28, 2019, CLA noted that they would need to consider extending the service of suit provision in the policy. *Id.*

On approximately April 15, 2019, NAEIC paid CLA for the uncontested property damage, allowing CLA to make repairs on the property by September 2019. *Id.* ¶ 23.  However, due to the delayed payment, CLA continued to incur business interruption losses into early 2020, including a loss of customers while the facility was not operational, the inability to care for infants, and reputational damage. *Id.* ¶ 24.  On May 6, 2019, CLA sent a letter to NAEIC indicating that they were updating their submission to add information on their business interruption claim so that component of the claim could be timely addressed. *Id.* ¶ 25.

After the business interruption losses were still not paid as of June 2020, CLA filed a lawsuit in Arizona state court on June 5, 2020. *Id.* ¶ 29.  The Arizona state court dismissed the action without prejudice on September 21, 2020 because it determined that Arizona was not the proper forum. *Id.*  CLA appealed that decision to the Arizona Court of Appeals. *Id.* ¶ 30.  CLA then filed its complaint in the instant case on November 11, 2020 and voluntarily dismissed their appeal in Arizona on approximately November 12, 2020. *Id.*

## II.   LEGAL STANDARD

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Christie's Int'l PLC,* 699 F.3d at 145.  However, the Court is not required to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also id.* at 681 (citing *Twombly*, 550 U.S. at 551).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter ... to 'state a claim to relief that is plausible on

its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  More specifically, the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  If the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

### III.   DISCUSSION

#### A. Pre-Motion Conference

As a threshold matter, CLA argues that NAEIC's motion to dismiss should be denied for failure to comply with the Court's Individual Practices.  Doc. 23 at 10.  They argue that, although a pre-motion conference was held on March 4, 2021 at which the Court granted leave to file a motion to dismiss following the filing of CLA's amended complaint, the instant motion exceeds the scope of the arguments raised at that pre-motion conference. *Id.* at 11.  Specifically, CLA argues that NAEIC's initial argument for moving to dismiss was that the one-year suit limitation provision had expired on January 4, 2019, and they now argue that the one-year suit limitation provision expired on July 4, 2019 after a six-month extension. *Id.*

CLA's argument is meritless.  NAEIC could not have raised the six-month extension at the pre-motion conference because CLA's original complaint, which was effective at the time of the conference, did not mention any extension. *See* Doc. 1.  NAEIC thus could not have made an argument regarding a non-existent allegation.  NAEIC properly submitted their motion following the conference and CLA's filing of the amended complaint, and the Court will fully consider their arguments therein.

B.  **Limitations Defense**

NAEIC moves to dismiss the amended complaint on the basis of the contractual limitations provision.  Doc. 21 at 12–19.

While courts cannot ordinarily decide a statute of limitations defense on a motion to dismiss, "courts in this district have made an exception where (1) the complaint facially shows noncompliance with the limitations period, and (2) the affirmative defense clearly appears on the face of the pleadings." *Essex Cap. Corp. v. Garipalli*, No. 17 Civ. 6347 (JFK), 2018 WL 6618388, at *2 (S.D.N.Y. Dec. 18, 2018) (citing *Tesla Wall Sys., LLC v. Related Cos., L.P.*, 17 Civ. 5966 (JSR), 2017 WL 6507110, at *6 (S.D.N.Y. Dec. 18, 2017)); *see also McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004) (statute of limitations bar warrants 12(b)(6) dismissal "if the defense appears on the face of the complaint").  "Where a plaintiff's 'claims are time-barred on the face of its own complaint, [plaintiff] has the burden of pleading facts sufficient to establish that the statutes of limitations should be tolled.'" *Essex Cap.*, 2018 WL 6618388, at *2 (quoting *VoiceOne Commc'ns, LLC v. Google Inc.*, No. 12 Civ. 9433 (PGG), 2014 WL 10936546, at *7 (S.D.N.Y. Mar. 31, 2014)).

Under New York law, courts "will enforce a shortened statute of limitations when it is reasonable and agreed to by contract." *Wechsler v. HSBC Bank USA, N.A*, No. 15 Civ. 5907 (JMF), 2016 WL 1688012, at *2 (S.D.N.Y. Apr. 26, 2016), *aff'd sub nom. Wechsler v. HSBC Bank USA, N.A.*, 674 F. App'x 73 (2d Cir. 2017) (internal quotation marks and citation omitted); *see also* N.Y. C.P.L.R. § 201; *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99, 106 (2013)).  "One-year contractual limitations periods—indeed, even shorter limitations periods of six months—have consistently been held to be reasonable under New York law." *Wechsler*, 2016 WL 1688012, at *2.  This is also true in the specific context of suit limitation provisions in

insurance contracts.  *See, e.g.*, *Carat Diamond Corp. v. Underwriters At Lloyd's, London*, 506 N.Y.S.2d 708, 710 (1st Dep't.1986) ("the 12-month limitations period in a policy has been found to be a reasonable, valid and enforceable provision").

Here, the policy is clear that a one-year suit limitation period applies.  Doc. 18 ¶ 19.  Since the water damage occurred on January 4, 2018, *id.* ¶ 11, a lawsuit would need to be commenced by January 4, 2019.  However, CLA alleges, and NAEIC does not dispute, that the period was extended an additional six months by agreement, *id.* ¶ 20, so a lawsuit for breach of the policy would need to have been filed by July 4, 2019.  However, it is undisputed that CLA did not file a lawsuit until June 5, 2020 in Arizona.  *Id.* ¶ 29.  The lawsuit thus clearly was initiated beyond the contractual limitations period and is barred on its face.

CLA argues that the suit limitations provision should not be enforced because it is:  (1) ambiguous, and (2) expired before suit could be brought.  Doc. 23 at 12–13.  CLA argues that the provision is ambiguous because it lacks specificity as to the event insured against.  *See McGowan v. Great N. Ins. Co.*, 962 N.Y.S.2d 638 (2d Dep't 2013) (interpreting an ambiguity in the suit limitations provision against the drafter).  However, *McGowan* only found that the suit limitations policy was ambiguous because it provided that an action had to be commenced within two years "after the loss occurs" and did not include precise phrases such as "date of loss" or "after inception of the loss."  *Id.* at 639.  Here, the policy is even more precise than the *McGowan* court suggested—suit must be brought within one year "after the day of the physical loss or damage giving rise to any claim."  Doc. 18 ¶ 19.  Indeed, nearly identical language has been held to be enforceable.  *See Plon Realty Corp. v. Travelers Ins. Co.*, 533 F. Supp. 2d 391 (S.D.N.Y. 2008)

CLA's physical loss giving rise to their claim for business losses took place on January 4, 2018.  *See Plon Realty*, 533 F. Supp. 2d at 396 ("For purposes of an insurance policy's

6

contractual statute of limitations clause, the time to bring an action commences on the date of the event which gave rise to the claim."). While the damages did continue to accumulate well into the future as the property remained unrepaired, there is no reason why CLA could not have brought suit on the currently outstanding amount at any point within the contractual limitations period. *See id.* ("The Alleged Continuing Damages Do Not Extend the Limitations Period" (header); "delay by the insurance carrier in completing its investigation of the claim does not excuse the plaintiff from timely commencing an action" (internal quotation marks and citation omitted)). This situation is distinct from *Exec. Plaza, LLC v. Peerless Ins. Co.*, 5 N.E.3d 989 (N.Y. 2014), the case CLA primarily relies on, because in *Exec. Plaza*, the insurance policy stated that property replacement costs could only be reimbursed after the property was replaced, a requirement that, when coupled with the two-year suit limitation provision, made it impossible to bring a claim for property reasonably replaced after two years.

Additionally, it is relevant that CLA was fully aware of the suit limitations provision and could have negotiated another extension similar to the six-month extension at any time. Their request for a first extension beyond January 4, 2019 shows that they believed their claims accrued on January 4, 2018, so they cannot now argue that their business losses did not accrue on that date. Accordingly, the suit limitations provision is neither ambiguous nor unreasonable and must be enforced.

### C. Waiver and Estoppel

CLA lastly argues that, even if the suit limitations provision applies, NAEIC waived that provision and is now estopped from enforcing it. Doc. 23 at 15.

Under New York Law, to establish waiver of a suit limitations provision, "the plaintiff must offer evidence from which the defendant's intent to relinquish the protection of the

contractual limitations period can be reasonably inferred." *Satyam Imports, Inc. v. Underwriters At Lloyd's Via Marsh, S.A.*, No. 03 Civ. 4387 (GEL), 2003 WL 22349668, at *2 (S.D.N.Y. Oct. 14, 2003) (citing *Gilbert Frank Corp. v. Federal Ins. Co.*, 520 N.E.2d 512, 514 (N.Y. 1988)). "[T]o establish estoppel, the plaintiff must present evidence that it was misled or lulled by the defendant into failing to bring its claim in a timely manner." *Id.* (citing *Simcuski v. Saeli*, 377 N.E.2d 713, 717 (N.Y. 1978)).

CLA argues that NAEIC expressly waived the suit limitation provision by agreeing to a six-month extension. They cite no caselaw in support of this argument, and the Court finds no merit to this claim. Simply put, an extension *extends* the provision, it does not waive it. CLA further argues that NAEIC acted in bad faith and lulled them into sleeping on their rights under the policy by delaying payments and repeatedly assuring them that it was investigating its business loss claim. CLA argues that this conduct now estops NAEIC from enforcing the suit limitations provision. *See N. Am. Foreign Trading Corp. v. Mitsui Sumitomo Ins. USA, Inc.*, 499 F. Supp. 2d 361, 381 (S.D.N.Y. 2007) (finding that defendant acted in bad faith and lulled plaintiff into not bringing suit until after suit limitations period) (subsequent history omitted).

In response, NAEIC argues that CLA was clearly not lulled into sleeping on their rights, as they had already negotiated one extension of the suit limitations provision and could have negotiated further extensions or filed suit at any time. Doc. 24 at 6. The Court agrees with NAEIC. After a full year of working to address their claims, CLA found it prudent to seek an extension of the suit limitations provision, and they have not alleged that their relationship with NAEIC was significantly different in the six months leading up to expiration of the extended provision such that they would not have thought to seek a further extension.

Accordingly, the provision is not waived and NAEIC is not estopped from asserting it. As the provision is enforceable, as explained above, CLA's complaint must be dismissed.

### D. Leave to Amend

Federal Rule of Civil Procedure 15 instructs courts to "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Second Circuit has instructed courts not to dismiss a complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shabazz v. Bezio*, 511 F. App'x 28, 31 (2d Cir. 2013) (quoting *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009)). In *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, the Second Circuit reaffirmed the "liberal spirit" of Rule 15 and counseled strongly against the dismissal of claims with prejudice prior to "the benefit of a ruling" that highlights "the precise defects" of those claims. 797 F.3d 160, at 190–91 (quoting *Williams v. Citigroup Inc.*, 659 F.3d 208, 214 (2d Cir. 2011) (per curiam)).

Here, as discussed above, any further amendment would be futile because the time to file has expired. Therefore, CLA will not be permitted to replead their dismissed claims.

### IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the complaint is GRANTED. The Clerk of Court is respectfully directed to terminate the motion, Doc. 19, and to close the case.

It is SO ORDERED.

Dated: February 4, 2022
New York, New York

Edgardo Ramos, U.S.D.J.

9